```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN LOPEZ, on behalf of himself and others similarly situated

                Plaintiff,

   -v-

DQPCHACHA FURNITURE INC. and CHRISTIAN CHACHA,

                Defendants.

------------------------------------------------------------------X

24-cv-1478 (LJL)

<u>ORDER</u>

LEWIS J. LIMAN, United States District Judge:

     The parties have informed the Court that they have reached a settlement in principle. Dkt. No. 30.  This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.  Under Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair.  *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

     Accordingly, it is hereby ORDERED that, on or before **February 20, 2025**, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).  The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement.  The letter should also address, if applicable, any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate) consistent with the principles

set forth in *Fisher*, 948 F.3d at 600.  It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount.  Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement fairness hearing on **February 27, 2025, at 3:00 p.m.**  Plaintiff is requested to appear at the hearing and, if necessary, with an interpreter.  The parties are directed to dial 646-453-4442 and enter the conference ID 3586394442 followed by the pound (#) key.

Any pending motions are DISMISSED as moot, and all conferences and deadlines are CANCELLED, including trial and pretrial deadlines.

SO ORDERED.

Dated: January 15, 2025
      New York, New York

                                                LEWIS J. LIMAN
                                        United States District Judge